UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GREMMELS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06073-SK<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND SCREENING COMPLAINT**<br><br>Regarding Docket Nos. 1, 2 |

　　　　Plaintiff Christian Gremmels ("Plaintiff"), proceeding pro se, filed a complaint and application to proceed *in forma pauperis*. (Dkts. 1, 2.) The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The Court finds that Plaintiff has demonstrated that he is unable to pay the filing fee and thus GRANTS the application for IFP. However, the in *forma pauperis* statute provides that the Court shall dismiss the case if, *inter alia*, the Complaint is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Moreover, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3).

　　　　Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted). While a complaint need not provide detailed factual allegations, it is "a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief.'" *Bell v. Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff must provide more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570. To state a claim, Plaintiff must allege the following information in an amended complaint: (1) the actions by each Defendant that gave rise to Plaintiff's claims; (2) what laws or rights were violated by each Defendant's conduct, and (3) how Plaintiff was harmed. It is not clear from the Complaint what claim or claims Plaintiff seeks to assert. Additionally, Plaintiff groups all of the Defendants together and, thus, the Court cannot determine what Plaintiff alleges each Defendant did.

Moreover, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

To the extent Plaintiff is asserting a claim under federal law, Plaintiff shall clarify what statute and what facts are alleged in support of that claim. If Plaintiff states sufficient facts to allege at least one federal claim, Plaintiff shall allege facts to show how any state-law claims are connected to the federal claim to support supplemental jurisdiction. To the extent Plaintiff is relying on diversity jurisdiction, Plaintiff shall clarify the citizenship of all parties and allege facts to show that the amount in controversy exceeds $75,000.

Pursuant to 28 U.S.C. § 1915, the Court HEREBY DISMISSES Plaintiff's complaint, but will provide leave to amend to address the deficiencies described in this Order. Plaintiff's deadline to file an amended complaint is **October 8, 2021**. If Plaintiff fails to file an amended complaint by this date, the Court will reassign this matter to a district court judge with a

recommendation that the action be dismissed.

The Court ADVISES Plaintiff that the district court has produced a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se* Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  It is available electronically online (http://cand.uscourts.gov/prosehandbook) or in hard copy free of charge from the Clerk's Office.  The Court further advises Plaintiff that he also may wish to seek assistance from the Legal Help Center.

**IT IS SO ORDERED**.

Dated: September 8, 2021

_____
SALLIE KIM
United States Magistrate Judge